# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Lana J. Wood, <br><br> Plaintiff, <br><br> v. <br><br> David A. Wood, <br><br> Defendant. | No. 18 C 629 <br><br> Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Plaintiff's Motion to Compel Disclosure In Furtherance Of Settlement Agreement [ECF 30] is denied for the reasons stated on the record at the Motion hearing held today and expanded upon in this Order. See Statement for further details.

## STATEMENT

Plaintiff purports to file her Motion under Rule 37(a)(1) of the Federal Rules of Civil Procedure. Rule 37(a)(1) and Rule (a)(2)(A) provide that a party may move for an order compelling another party to make a proper Rule 26(a) disclosure. *See* 1993 Advisory Committee Notes to Rule 37 ("Pursuant to new subdivision (a)(2)(A), a party dissatisfied with the disclosure made by an opposing party may under this rule move for an order to compel disclosure."). Rule 37(a)(1) is not a free-floating vehicle for a party to seek disclosure of any or all information that one party may want the other party to disclose in a case pending in federal court.

The parties settled this case at a settlement conference held on July 16, 2108. [ECF 26.] They reported in open court on August 23, 2018, that they had documented their settlement and they would file a stipulation to dismiss before the assigned District Judge. [ECF 28.] Sometime between August 23, 2018 and October 9, 2018, the date Plaintiff filed her Motion, on the way to

1

the courthouse to file the stipulation of dismissal, so to speak, Plaintiff received profit and loss statements for the company she owns with Defendant, her former husband, that she says show an abnormally large amount of legal fees paid by that company this year. Plaintiff's Motion [ECF 30] at 2-3. That caused Plaintiff to believe that her Defendant had breached paragraph 1(i) of the parties' settlement agreement in this case that provides "[e]ach of the parties hereto agrees to bear its own attorneys' fees and costs incurred in the Petition for Contempt and the Federal Court Action." Plaintiff's Motion [ECF 30] at 2.[1] Plaintiff thereafter filed the present Motion to compel Defendant to disclose billing records from lawyers that would show the reason for what she contends are larger than usual legal fees reported in the company's profit and loss statements.

As stated above, this case is settled. Defendant filed a Declaration stating that he has fulfilled all his obligations under the settlement agreement. Defendant's Response to Plaintiff's Motion [ECF 37] at Exhibit A. The parties, through counsel, acknowledged during this morning's hearing that but for the present dispute about payment of legal fees, the parties intended to file a stipulation to dismiss this lawsuit with prejudice. If Plaintiff believes Defendant breached the settlement agreement, that is a separate claim or lawsuit. There is no pending claim in this case that has anything to do with whether the parties' jointly-owned company did or did not pay Defendant's legal fees in this case or some other fees related to the dispute in this case between Plaintiff and Defendant. The company is not even a named defendant or party to this case. If Plaintiff has a right as a shareholder in the company she jointly owns with Defendant to inspect the company's books or records, that is not a right that can be enforced in this court based on the claims asserted or pleadings filed in this case.

---

[1] The settlement agreement is confidential and is not part of the record in this case or for purposes of Plaintiff's Motion. Plaintiff's counsel did bring a copy of the settlement agreement to today's hearing and the Court can confirm that paragraph 1(i) of the agreement reads as Plaintiff says it read in her Motion.

Discovery under the Federal Rules of Civil Procedure is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED.R.CIV.P. 26(b)(1). To the extent Plaintiff is seeking discovery with her Motion, that discovery is not relevant to a claim or defense in this case nor proportional to the needs of this case which has been settled. To the extent Plaintiff is seeking discovery with her Motion that she hopes will animate a new claim against Defendant, that also is not a proper subject of discovery in this case. *Ossola v. American Express Company*, 2015 WL 5158712, at *2 and *4 (N.D. Ill. 2015) ("discovery is for uncovering information relevant to an existing claim or defense [ ] the court [ ] has the authority to confine discovery to claims and defenses asserted in the pleadings, and [ ] the parties have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings.")

The Court understands Plaintiff is concerned, perhaps with good reason, that Defendant breached their settlement agreement by using company funds to pay his lawyers. In the Court's view, however, that is not a concern that justifies the relief Plaintiff is seeking in her Motion. It may be a basis for relief for Plaintiff in another case in another court in a different court system unless there is a basis for federal jurisdiction for that claim and, again, no such basis has been asserted in this case.

It is worth noting that Plaintiff does not contend that the settlement should be undone because Defendant used company monies to pay his attorneys' fees in breach of the settlement agreement. That presumably would entail Plaintiff returning to Defendant the money she was paid under the settlement agreement, and she is not offering to do that. Rather, Plaintiff apparently wants the settlement to remain in place but also wants to enforce the provision in the settlement agreement that each party pay his and her own attorneys' fees incurred in the

litigation referenced in the settlement agreement. In the Court's view, that is a claim that must be litigated, if at all, in a different lawsuit than this one.

Although not completely on point, the following cases support the Court's ruling that the breach of a settlement agreement is, in essence, a breach of contract that may give rise to a new lawsuit but is not within the ambit of the court's jurisdiction over the federal claims that were resolved in the settlement agreement that ended this case even when, as here, the underlying federal lawsuit has not yet been dismissed. *Miksis v. Evanston Township High School District #202*, 235 F.Supp.3d 960, 978 (N.D. Ill. 2017) (hold that "a settlement agreement is a type of contract, and it is well established that a claim for breach of contract generally does not give rise to federal question jurisdiction even if part of the consideration for the agreement is dismissal of an earlier federal suit alleging claims arising under federal law."); *Cf. Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 382 (holding that the enforcement of a settlement agreement generally is for state courts, unless there is some independent basis for federal jurisdiction.)

Therefore, for these reasons, Plaintiff's Motion to Compel Disclosure In Furtherance Of Settlement Agreement [ECF 30] is denied. That disposes of the matter that was referred to this Magistrate Judge for decision by the District Judge [ECF 33, 34]. The Court, however, recommends to the parties and to the District Judge that this case be dismissed, either by stipulation or on a motion to be filed by Defendant, pursuant to and in accordance with the parties' settlement agreement but without prejudice to any claim Plaintiff may have for breach of paragraph 1(i) of the settlement agreement.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 7, 2018